## HINSON et al. v. STATE.

### No. 10000.

Court of Civil Appeals of Texas. Austin.

Dec. 5, 1951.

On Motion for Rehearing Jan. 16, 1952.

Rehearing Denied Feb. 6, 1952.

756

Marshall & King, by Frank L. Jennings, Jr., Graham, for appellants.

Price Daniel, Atty. Gen., K. B. Watson, Asst. Atty. Gen., for appellee.

ARCHER, Chief Justice.

This is a suit by the State of Texas, brought by the Attorney General against C. W. Hinson and L. B. Scott to collect $400 plus interest therein alleged to be due under the terms of an oil and gas lease executed on land subject to the Relinquishment Act.

Trial was without a jury before the County Court at Law of Travis County and the trial court entered judgment in favor of the State against Hinson for $200 principal plus $269 interest ($469) and against Scott for $200 principal plus $269 interest ($469), and held Scott secondarily liable for the $469 adjudged against Hinson.

Both defendants have prosecuted this appeal from the judgment of the trial court on two points of error:

(1) The trial court erred in holding that appellant C. W. Hinson is liable to the State for any money received by him under the oil and gas lease involved in this case.

(2) The trial court erred in holding that appellant L. B. Scott, as assignee of the oil and gas lease, is liable to the State for any sums owed to the State under the lease.

The land involved in this suit belonged to the Public Free School Fund and was classified as mineral land. It was patented April 2, 1919 to John R. Reeves, the State reserving the mineral estate. On May 24, 1920, Reeves executed a mineral deed to C. W. Hinson conveying an undivided 15/32nds interest in the minerals and mineral rights in this land. Subsequently on November 6, 1925, Reeves and Hinson joined in the execution of the oil and gas lease involved herein to J. E. Lucas and O. B. Kerbow, lessees. This lease provided for an oil payment of $800 to be paid to the lessors out of the first oil produced and sold, this payment was paid in full by December, 1920, each of the lessors received one-half of the sum of money, no part of which was paid to the State.

The State contends that Hinson is jointly and severally liable to the State for the entire amount due the State under the lease.

The appellants concede that the State was entitled to one-half of the oil payments or $400.

John R. Reeves, the surface owner, had no authority to convey any mineral interest to C. W. Hinson, the Relinquishment Act merely constitutes the surface owner the agent of the State, with authority to execute oil and gas leases on the land. Vernon's Ann.Civ. Statutes, Art. 5367, et seq.; Lemar v. Garner, 121 Tex. 502, 50 S.W.2d 769.

Since Hinson had no interest in the surface or in the minerals, the signing of the lease to Lucas, et al., by Hinson was unnecessary and without legal effect.

Primary liability for money due the State under the Relinquishment Act was on Reeves, as surface owner and as agent of the State. Consequently, Hinson was not liable under this Act since he was neither the surface owner nor agent of the State and did not purport to act as such. Shell Petroleum Corp. v. Tippett, Tex.Civ. App., 103 S.W.2d 448 (er. ref.).

The State contends, however, that Hinson is liable for the $400 received by him under the doctrine of money received. To recover on this theory the burden was on the State to prove that the money received by Hinson belonged to the State. There is no evidence to support a finding to this effect. If we must indulge in presumption we would adopt the one which appears most reasonable, i. e. that the $400 paid Reeves, the State's agent, was the State's money.

Appellants' assignment No. One is sustained.

In the judgment of the trial court it was provided:

"7. That the plaintiff, the State of Texas, do have and recover from L. B. Scott the sum of $200, together with interest thereon at the rate of 6% per annum from December 1, 1928 ($469 total) for which let execution issue.

"8. That L. B. Scott is jointly and severally liable for the $200, together with the interest thereon at the rate of 6% per annum from December 1, 1928 ($469 total) herein adjudged due the State of Texas from C. W. Hinson and should the State of Texas be unable to ·collect such sum from C. W. Hinson, then the plaintiff shall have and recover said sum from L. B. Scott for which let execution issue."

It is therefore to be noted that judgment was against Scott for a primary liability of $469 and as secondary liability for the $469 adjudged against Hinson.

We have held that Hinson was not liable for any amount, it follows that there is no secondary liability against Scott.

The State has not cross-assigned as error the failure of the court to hold Scott as primarily liable for the entire amount due the State.

The question is as to the liability of Scott as assignee·of the oil and gas lease to the State for any money due the State un-·der the lease.

 We believe that Scott as assignee is liable for the sum of $469 as adjudged against him by the trial court.

In the lease, which was assigned to Mr. Scott in 1937, there was a provision that the lessees agreed and promised to pay the lessors the sum of $800, one-half of which was due the State, when and· as paid by the lessees; and, this $800 had been paid by December, 1928.

Further provision was that: "If the estate of either party hereto is assigned ·and the privilege of assigning in whole ·or in part is expressly allowed, the covenants hereof shall extend to their heirs, executors, administrators, successors, or assigns. ·* * *"

Article 5368, V.A.C.S., popularly called the Relinquishment Act, reads, in part, as follows: " * * * All leases and sales so made shall be assignable. No oil or gas rights shall ·be sold or leased hereunder for less than ten cents per acre per year ·plus royalty, and the lessee or purchaser shall in every case pay the State ten cents ·per acre per year of sales and rentals; and ·in case of production shall pay the State

the undivided one-sixteenth of the value of the oil and gas reserved herein, and like amounts to the owner of the soil."

In Empire Gas & Fuel Co. v. State, 121 Tex. 138, 47 S.W.2d 265, 272, the Supreme Court said: " * * * under the fair and reasonable construction given to the expression, 'like amounts to the owner of the soil,' by the court in Greene v. Robison, we are constrained to hold that the owner of the soil may receive one half of the bonus, and· the remaining half is to be received by the state."

The following cases hold that an assignee of an oil and gas lease executed under the Relinquishment Act is liable to the State for all sums due it under such lease. Shell v. Tippett, supra; Permian Oil Co. v. State, Tex.Civ.App., 161 S.W.2d 568; ·Cross v. Shell Oil Co., 144 Tex. 78, 188 S.W.2d 375.

The judgment of the trial court awarding judgment ·against C. W. Hinson is reversed and here rendered that the State take nothing; and the judgment against L. B. Scott is reformed so as to omit judgment against him for secondary liability· for the amount adjudged against Hinson, and as reformed, is affirmed.

Reversed and rendered in part and in part reformed and affirmed.

## On Appellants' Motion for Rehearing

### PER CURIAM.

On December 5, 1951, we rendered our opinion in this case and as a part thereof we reformed the judgment against L. B. Scott so as to omit judgment against him for secondary liability for the amount adjudged against Hinson.

·The appellee has filed its motion to amend its brief, which motion we have granted. Rule 431, T.R.C.P.

The motion was to

1. Amend the statement of Point II in the table of ·contents, in the statement of Appellee's Reply Points on page 3, and in the restatement of Point II on page 9, by striking the word "secondarily" so that Point II will read: "Appellant L. B. Scott is liable to the State for the sum of $400 plus interest."

758

2. Amend the prayer on page 14 by adding the following: "or, in the alternative and in the event this Honorable Court finds C. W. Hinson not liable, appellee prays that this court enter judgment finding L. B. Scott liable for $400 plus the interest due on the sum from December 1, 1928 to date."

These amendments are in accordance with the prayer of the State's trial petition.

The motion for rehearing is also granted and our previous judgment is reformed and judgment is here rendered against L. B. Scott for $400 plus 6% interest from December 1, 1928; such judgment is left otherwise undisturbed.

Appellants may file a motion for rehearing as in other cases.

Motion granted.

Previous judgment reformed.